UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

**REVEREND JARED CRAMER,**

    Plaintiff,

Case No. 1:23-CV-1045

Hon. Jane M. Beckering

v.

**OTTAWA COUNTY**,
a Michigan County;
**OTTAWA COUNTY BOARD OF COMMISSIONERS**; and
**JOE MOSS**,
Chairman of the Ottawa County Commission, in his individual and official capacities,

    Defendants.
_____

# CONSENT JUDGMENT
_____

In the First Amended Complaint in this matter, Plaintiff, Reverend Jared Cramer, asserted claims of Defendants' violations of his rights to free exercise of religion and to be free from religious discrimination under the First Amendment of the U.S. Constitution, pursuant to 42 U.S.C. § 1983, and the Michigan Constitution, Art. 1, § 4. Defendants herein include Ottawa County, the Ottawa County Board of Commissioners, and Commission Chairman Joe Moss. Defendants have denied that any violation occurred.

The Parties agree that settling this matter is in the public interest. They

consent to entry of this Consent Judgment without further litigation as a means to resolve the allegations in the First Amended Complaint. As evidenced by the signatures below, the Parties agree to, and shall be bound by, the terms and conditions of this Consent Judgment.

NOW THEREFORE, before taking testimony, and without trial of any issue of fact or law, and upon consent of the Parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has appropriate jurisdiction and venue over the subject matter and parties of this action.

2. This Court determines that the terms and conditions of this Consent Judgment are reasonable, adequately resolves the issues raised in the First Amended Complaint, and properly protects the public.

3. The provisions of this Consent Judgment are binding on the Parties to this action, their officers, agents, employees, successors, and assigns. No change in officeholders with the Ottawa County Commission will alter Defendants' responsibilities with respect to this Consent Judgment.

4. The signatories to this Consent Judgment are authorized to sign it after a vote of the Ottawa County Commission lawfully agreeing to the terms.

5. The objectives of this Consent Judgment are to settle the claims raised in the First Amended Complaint and ensure future compliance with federal and state law.

6. When used herein, "Defendants" refers to Ottawa County, the Ottawa

County Board of Commissioners, Commission Chair Joe Moss, and all successors-in-office.

7. The Parties agree upon the following recitation of events:

   a. The Commission has a long-standing practice of beginning its meetings with a prayer. The prayer is typically led by a local pastor or other individual in the faith community. Reverend Cramer led the prayer in June 2022.

   b. After the current Commission took office in January 2023, it continued the practice of beginning its meeting with a prayer.

   c. Rev. Cramer did not receive an invitation to lead the prayer after the current Commission took office.

   d. On May 9, 2023, Reverend Cramer sent an email to Chairman Moss requesting the opportunity to lead the prayer. Reverend Cramer informed Defendant Moss in his email that he had given the invocation in the past, and he asked that he be added to the rotation of clergy who give the invocation. Reverend Cramer included several other individuals on his email: John Gibbs, the Ottawa County Administrator at that time; Commissioner Roger Bergman, who represents the district where Reverend Cramer's church is located; and Commissioner Roger Belknap, who represents the district where Reverend Cramer lives.

   e. Chairman Moss did not respond to Reverend Cramer's email, nor

        did any of the three other individuals included on the email.

   f.   On August 30, 2023, Reverend Cramer sent the same request by certified U.S. Mail to Chairman Moss, Commissioner Bergman, Commissioner Belknap, and then-County Administrator Gibbs.

   g.   Chairman Moss did not respond to Reverend Cramer's certified letter, nor did Commissioners Bergman, Commissioner Belknap, or then-County Administrator Gibbs.

   h.   Reverend Cramer was not invited to give the prayer or added to any list of prayer-givers in response to his requests.

   i.   The Commission adopted a policy of non-discriminatory selection of individuals selected to provide the invocation before Commission meetings on or about January 2, 2024 ("the Policy").

8. To resolve the issues raised in the First Amended Complaint, Defendants agree that as part of this Consent Judgment, they will agree to implement the Policy fully, pass a suitable resolution or other action to pass the Policy as a County Policy, and continue to comply with the Policy with an intent to comply with federal and state law. This provision does not preclude Defendants from amending or otherwise modifying the Policy, so long as amendments are intended to comply with federal and state law, and are passed in accordance with County Policy and state law on passing amendments as part of a public meeting.

9. Defendants agree that Commissioners will not post signs or otherwise

4

interfere with individuals leading the prayer from the Commission's dais during the invocation. Commissioners maintain their First Amendment right to comment upon invocation outside a public Commission meeting or during the public comment section of a public Commission meeting.

10. Disputes that arise regarding compliance with this Consent Judgment will, in the first instance, be the subject of informal negotiations between the Parties prior to either Party bringing those disputes to the Court.

11. Except for the right to seek enforcement and remedies arising from a breach of this Consent Judgment as provided in this Consent Judgment, all claims asserted by the Plaintiffs and all claims that could have been asserted by either party in this lawsuit, including claims for money damages, declaratory relief, equitable relief, attorney's fees and costs are merged into this Consent Judgment and forever barred.

12. This Consent Judgment is intended to be a global resolution and settlement of all claims between the Plaintiff and the Defendants, and all claims are extinguished upon entry of this Consent Judgment.

13. Within 30 days after the effective date of this Consent Judgment, Defendants will make the following payments to Plaintiff:

   a. $26,000 in attorney fees to Plaintiff's counsel, Sarah Howard, Elizabeth Geary, and Pinsky Smith PC; and

   b. $74,000 to be paid by the County of Ottawa to Attorney Sarah

5

Howard's client trust account, and she will distribute the funds as follows:

  i. One-Third (1/3) - The Ed and Nancy Hanenburg Children's Advocacy Center of Ottawa County, Michigan.

  ii. One-Third (1/3) – Kenzie's Be Café of Grand Haven Michigan.

  iii. One-Third (1/3) –To be distributed to a charity of Plaintiff's choosing.

  iv. Defendants will not make budget adjustments to future public funding from Ottawa County to these organizations based on the settlement payment referenced herein.

14. Termination: This Consent Judgment will terminate four years after the Effective Date.

15. Prior to termination of this Consent Judgment as described above, this Court will retain jurisdiction to modify or enforce the terms of the Consent Judgment, and to take any action necessary to enforce its terms.

**IT IS SO ORDERED.**

        /s/ Jane M. Beckering
Hon. Jane M. Beckering
U.S. District Court Judge

Dated: November 13, 2024

## STIPULATION

The Parties hereby agree to entry of this Consent Judgment:

| | |
|---|---|
| 11/12/2024 | _____ |
| Date | Plaintiff Rev. Jared Cramer |

| | |
|---|---|
| 11-12-2024 | _____ |
| Date | Joe Moss, On Behalf of Defendants Ottawa County and the Ottawa County Board of Commissioners |

| | |
|---|---|
| 11-12-2024 | _____ |
| Date | Defendant Joe Moss |

7